UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO P.G.,[1] | No. 1:26-cv-04280-TLN-CKD |
| Petitioner, | A# 240-935-578 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on pro se Petitioner Eduardo P.G.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED.[2]

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] On June 12, 2026, this Court issued a minute order granting the Petition and ordering Petitioner's immediate release. (ECF No. 8.) This Order explains the Court's reasoning.

1

## I.    FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner first entered the United States in 2005, when he was four years old.  (*See* ECF No. 7-1 at 2.)  He has continuously resided in the United States since then — for 20 years.  (*Id.*)  Petitioner asserts "everything that I have ever known is in this country, including family and friends."  (ECF No. 1 at 6.)  During his two decades here, Petitioner grew up, made friends, established ties to the community, was a supportive and helpful neighbor and friend, graduated high school, earned a scholarship for college, and obtained work authorization. (*Id.* at 6, 9–19.)  Before his detention, he was attending college and working full time to support himself.  (*Id.*)  Petitioner appears to be a beloved member of his community; he submitted numerous letters from community members in support of his integrity, character, kindness, and work ethic.  (*See id.* at 9–15.)

Petitioner is pursuing immigration relief through a U-visa application.  (*Id.* at 23, 25; ECF No. 7-1 at 2.)  It appears his application remains pending with the government.

On March 19, 2026, Petitioner was arrested for driving under the influence, a misdemeanor. (ECF No. 7-1 at 2.)  This was Petitioner first and only known encounter with law enforcement; Petitioner has no other criminal history.  (*See* ECF No. 7-2.)  On March 20, 2026, he was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 7-1 at 2.)  The same day, ICE instituted removal proceedings against him.  (ECF No. 7-3.)  Those proceedings remain pending and there is no order of removal for Petitioner.

Petitioner asserts he requested a bond hearing in immigration court on April 19, 2026 and he received no response and no hearing date was set.  (ECF No. 1 at 5.)  Over nearly three months of detention, Respondents did not provide Petitioner a hearing as to his detention.  (*Id.* at 3, 6.)  Petitioner now alleges his civil immigration detention without a hearing is unconstitutional.  (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

2

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates procedural due process. (ECF No. 1 at 6.) Respondents claim Petitioner is not entitled to any such hearing. (ECF No. 7.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain

3

a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82).  An individual's liberty interest may be strengthened over time.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions allowing petitioner to remain in the community for over five years strengthened their liberty interest).

Petitioner has a clear liberty interest.  He has resided in the United States for two decades during which time he grew up, built a life, attended school, worked, and developed strong ties to his community.  Petitioner asserts this is the only country he has ever known.  Even if he is subject to removal or his freedom is revocable, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

In opposition, Respondents argue Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 2 (citing *DHS v. Thuraissigiam*, 591 U.S. 103 (2020)).)  However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023). *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections."  *Id.* at 1172.

Moreover, Petitioner's detention is not mandated by statute.  Consistent with this Court's copious prior rulings, and other courts across the Ninth Circuit, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2); rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision including a bond hearing.[3]  *See Brayan C.C. v. Warden of Cal. City Corr. Ctr.,* No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *2–3 (E.D. Cal. Mar. 13, 2026); *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining

[3]    8 U.S.C. § 1226(a) governs standard removal proceedings under section 240 of the Immigration and Nationality Act ("INA") (*see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1157 (S.D. Cal. 2025)), while 8 U.S.C. § 1225(b) governs expedited removal proceedings.  The two statutes cannot be applied simultaneously.  *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025).

this Court's reasons for taking this position and collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Thus, Petitioner maintains his liberty interest protected by the Due Process Clause.  The Court next turns to the procedural safeguards that were owed to Petitioner.

### B.  Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him.  Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly three months without any opportunity to be heard as to the justification of his detention.  Petitioner is separated from his studies, work, and community.  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any process, either pre- or post-detention.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.  Here, Petitioner is not subject to any order of removal; his removal proceedings and application for U-visa are pending.  Petitioner's only criminal history is a pending misdemeanor DUI, which led to his detention.  Moreover,

Respondents do not contend that Petitioner is a danger or a flight risk.  Without any showing of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest.  The probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Notice and custody determination hearings are routine processes for Respondents.  Indeed, they are the very processes owed to Petitioner under 8 U.S.C. § 1226(a).  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

At a minimum, due process required notice and a hearing as to Petitioner's detention.  Respondents have not provided Petitioner with any notice as to the reasons for his detention nor a hearing, either pre- or post-detention, over nearly three months of detention.  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.  (ECF No. 1.)  IT IS HEREBY ORDERED:

Petitioner must be released under the same conditions as he was released prior to his current detention.  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  Respondents must file a **notice of compliance** with this Court's Order to release Petitioner **by June 18, 2026.**

Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances

6

demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention.  *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: June 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE